# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

JAYESHKUMAR MASHRUBHAI CHAUDHARI,

        Petitioner

        v.

JIM ARNOTT, et al.,

        Respondents.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 6:26-cv-03356-MBB

## ORDER

Petitioner Jayeshkumar Mashrubhai Chaudhari petitions the Court for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). Because Petitioner's detention does not violate the Immigration and Nationality Act ("INA") or the Due Process Clause, the petition is DENIED.

## Background

Petitioner, a citizen of India, entered the United States illegally and was apprehended by the Department of Homeland Security ("DHS") on December 13, 2022. (**Doc. 1**, p. 5); (**Doc. 1-2**, p. 4). DHS paroled Petitioner into the United States on December 15, 2022. (***Id.***). Petitioner applied for asylum on August 23, 2023. (**Doc. 1-2**, p. 8). He was arrested by Immigration and Customs Enforcement ("ICE") on June 8, 2026, allegedly during a check-in at the Chicago ERO office. (**Doc. 1**, p. 5.). He is currently detained at the Greene County Jail. (***Id.***).

On June 20, 2026, Petitioner filed this Petition for Writ of Habeas Corpus. (**Doc. 1**). He argues that he is being wrongfully detained under 8 U.S.C. § 1225. (***Id.*** at 15). He asks that the Court order his immediate release or, alternatively, order a bond hearing pursuant to 8 U.S.C. § 1226(a). (***Id.*** at 13). Petitioner alleges his detention violates the INA and the Due Process Clause of the Fifth Amendment to the United States Constitution. (**Doc. 1**).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges regarding the legality of immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). "Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief." *Johnson v. Mabry*, 602 F.2d 167, 171 (8th Cir. 1979). Petitioner fails to carry the burden. His mandatory detention does not violate the INA or the Constitution.

I. **Petitioner's detention does not violate the INA because Section 1225(b)(2)(A) applies to him.**

"In the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. An individual is an "applicant for admission" when they are "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. If an alien has lawfully entered the country, they are deemed "admitted." *Avila v. Bondi*, 170 F.4th 1128, 1133 (8th Cir. 2026). "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." *Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021). When an alien is an "applicant for admission," they are also "seeking admission." *Avila*, 170 F.4th at 1134. If DHS initially fails to detain an alien under § 1225(b)(2)(A), that is "in no sense a binding administrative interpretation that the Government lacks the authority to act." *See Avila*, 170 F.4th at 1137 (internal quotation marks omitted). "[A]uthority granted by Congress cannot evaporate through lack of administrative exercise." *Id*. DHS has discretion to grant or deny parole under 8 U.S.C. § 1182(d)(5)(A). And DHS may "at

any time revoke" bond or parole and detain an alien. **8 U.S.C. § 1226(b)**. "No court may set aside" the decision to revoke parole. **8 U.S.C. § 1226(e)**.

Here, Petitioner illegally entered the United States on December 13, 2022. (**Doc. 1**, p. 5). He argues that he "may be detained, if at all, pursuant to 8 U.S.C. § 1226(a)" and that he is entitled to a bond hearing under the same. (*Id*. at 10). But Petitioner has not been lawfully admitted to the country. *See **Sanchez***, 593 U.S. 409, 415 (2021). He is an "applicant for admission," "seeking admission," and no immigration officer has determined that he is "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**. The Government may detain him without bond under Section 1225(b)(2)(A). And assuming without deciding that Petitioner was initially detained under § 1226(a), DHS may still, in its discretion, revoke Petitioner's release under § 1226(b). The Court may not review DHS's discretionary decision to do so.

II.     **Petitioner's continued detention does not violate substantive due process because it does not implicate a fundamental right.**

The Fifth Amendment to the U.S. Constitution "forbids the government to infringe certain 'fundamental' liberty interests *at all,* no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." ***Reno v. Flores***, 507 U.S. 292, 302 (1993). Fundamental liberty interests are those that are "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty no`3r justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). If a petitioner raises a substantive due process claim, they must carefully describe the fundamental liberty interest at issue. ***Washington v. Glucksberg***, 521 U.S. 702, 721 (1997). A statute regulating liberty interests that are *not* fundamental need only be "rationally related to legitimate government interests" to be constitutional. *Id*. at 728. "Freedom from imprisonment—from government custody, detention,

or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690 (citation omitted). But detention during removal proceedings is "a constitutionally valid aspect of the deportation process" because Congress can make rules regarding aliens that would not be acceptable if applied to citizens. *Demore v. Kim*, 538 U.S. 510, 523-26 (2003).

Petitioner argues that the government violates substantive due process by "subjecting them to conditions of confinement that amount to punishment." (**Doc. 1**, p. 9). He also asserts that the government is not effectuating its "substantive obligation" to ensure his detention "bears a 'reasonable relation' to the purposes of immigration detention (i.e., the prevention of flight and danger to the community." (*Id*. at 12). Petitioner provides no "careful description" of the fundamental liberty interest implicated by his detention. *See Glucksberg*, 521 U.S. at 721. Regardless, removable aliens do not have a fundamental liberty interest in release pending deportation proceedings. *See Demore*, 538 U.S. at 523, n.7 ("[P]rior to 1907, there was no provision permitting bail for *any* aliens during the pendency of their deportation proceedings"). *See also Romero v. Brown* 2026 WL 1021455, at *7 (S.D. Iowa Apr. 15, 2026) ("The right he actually asserts—release into the country without lawful admission pending removal—is not deeply rooted in this Nation's history and tradition.") (internal quotation marks omitted). The Eighth Circuit has held that detention pending removal proceedings is constitutional when "deportation is still on the table." *See Baynee v. Garland*, 115 F.4th 928, 931-33 (8th Cir. 2024). Detention pending removal proceedings is rationally related to a legitimate government interest: successful removal when aliens are ordered removed. *See Demore*, 538 U.S. at 528.

### III. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.

Petitioner also asserts that his detention violates procedural due process protections set forth in the Fifth Amendment. (**Doc. 1**, pp. 10-12). Specifically, he says his "continued detention

sans opportunity for individualized review is unlawful and violative of [his] constitutionally protected rights." (*Id.* at 10).  But aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute." *See **Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 107 (2020).  Petitioner is properly detained without bond under 8 U.S.C. § 1225(b)(2)(A), which requires detention pending removal proceedings.  Because the legislative scheme provides for mandatory detention, procedural due process requires no more. *See **Baynee***, 115 F.4th at 932.

### Conclusion

Petitioner is an "applicant for admission" who is "seeking admission" under Section 1225(b).  His detention does not violate the INA or constitutional due process protections.  The Petition for a Writ of Habeas Corpus is **DENIED**.

> **IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  August 7, 2026